**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANTHONY CARIDI and DOME DEVELOPMENT, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> TCF NATIONAL BANK, WILLIAM WEALL, MICHAEL CHIN, JOSHUA BAILEY, BOB HENRY, TIMOTHY BREEMS, MATHEW LITVAK, FORREST INGRAM, JOSEPH HARRIS, MICHAEL JONES, WILLIAM COOPER, THOMAS JASPER, EARL STRATON, BARRY WINSLOW, MARK NYQUIST, CRAIG DAHL, PHILLIP GROBEN, KAREN J. PORTER, SEAN KELLY, ERICKA CANNADY, 33 MANAGEMENT LLC, ATTORNEY RUFF, ATTORNEY WEIDENNARR, ATTORNEY REIDY, JENIFER BREEMS, BRANDON FREUD, and PATRICK LAYNG, U.S. TRUSTEE, <br><br> Defendants. | No. 13 C 2844 <br><br> Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Anthony Caridi, pro se, brings this action against TCF National Bank ("TCF"), several TCF employees, Caridi's former attorneys, and a number of other individuals and entities (collectively, "Defendants"), alleging that Defendants unlawfully evicted him from a rental property he owned doing business as Dome Development, LLC. Caridi alleges fraud against TCF and its employees, and malpractice against his former attorneys. *See* R. 30. TCF has moved to dismiss the claims against it and its employees for failure to state a claim pursuant to Federal

Rule of Civil Procedure 12(b)(6), R. 11, and to strike the amended complaint. R. 31. The Court, however, has determined that it lacks subject matter jurisdiction over Caridi's claims and dismisses the case for that reason.

**Background**

Caridi initially filed his complaint on April 15, 2013. R. 1. Defendants filed a motion to dismiss noting that Caridi had failed to makes allegations against at least one of the defendants named in the caption, *see* R. 10, and a motion dismiss for failure to state a claim, R. 11. At the motion hearing on June 26, the Court granted Caridi leave to file an amended complaint by August 26. R. 13. Caridi then sought an extension of time to file his amended complaint, and noted in his motion that he anticipated suing 40 defendants. R. 22. At the motion hearing on September 9, the Court noted that 40 defendants was an unusually large number and cautioned Caridi to ensure that he had a good-faith basis to sue all the individuals he captioned in his complaint. The Court granted Caridi an extension until October 25 to filed an amended complaint. R. 25.

On October 25, instead of filing an amended complaint, Caridi filed a motion "to vacate orders/judgments." R. 27. At the motion hearing on November 20, the Court emphasized to Caridi that not only had he failed to file an amended complaint as the Court instructed, the Court was unable to decipher what Caridi intended to communicate to the Court with his motion "to vacate orders/judgments." Much of the motion complained about what Caridi viewed as improper actions that occurred during the proceedings of a bankruptcy court case he filed prior to this

case. *See* R. 27. The Court explained that if Caridi intended to appeal the result of his bankruptcy case, he had failed to follow proper procedure for doing so. Caridi asked for another extension to file an amended complaint, which the Court granted until December 4. R. 29.

Caridi missed the December 4 deadline, but the next day filed a 156 page amended complaint naming 27 individuals and entities in the caption. R. 30. Caridi also sought judgments against ten other individuals who were not included in the caption, and made allegations against several other individuals in the body of the complaint who were not included in the caption or the prayer for relief. Parts of the amended complaint are structured as numbered paragraphs, but the numbering of the paragraphs stops and starts again in several places, so that the numbering is not consecutive, and many paragraphs in the complaint are not numbered. Some portions of the amended complaint appear to be cut and pasted from case law or legal commentary.

In response to Caridi's amended complaint, on March 28, 2014, TCF filed a motion to strike. R. 31. At the motion hearing on April 2, the Court reinstated TCF's earlier motions to dismiss, R. 10; R. 11, and set a briefing schedule on TCF's motions. R. 33.

**Analysis**

TCF argues that Caridi has failed to state a claim and that the form of Caridi's complaint violates Federal Rules of Civil Procedure 8 and 10. TCF has not challenged the Court's subject matter jurisdiction over Caridi's claims.

Nevertheless, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Caridi alleges jurisdiction as follows:

> That, the Northern District Courts has [sic] constitutional power for [sic] subject matter federal jurisdiction over this case pursuant to Article III, Section 2, which provides that federal courts shall have jurisdiction over federal questions and suits between diverse parties. This court holds federal jurisdictional statutory authority pursuant to 28 U.S.C. Sections 1331 and 1332, which authorize district court original jurisdiction over federal questions and civil actions between diverse parties. Finally, this matter is before the court pursuant also to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate), 18 U.S.C. § 156 (Knowing disregard of bankruptcy law or rule), 18 U.S.C. § 1021 – (Title records unlawful recording), and in conclusion, pursuant to 15 U.S.C. 1611 § 112 (Criminal liability for willful and knowing violation).

R. 30 at 8 (p. 6, ¶ 7).

The Court first examines Caridi's allegations of federal question jurisdiction under 28 U.S.C. § 1331. None of the federal statutes Caridi cites concern the jurisdiction of federal courts. Moreover, Caridi does not allege that any of the defendants violated these statutes. Nor could he, as none of these statues impose legal obligations on any of the defendants in this case, let alone provide for private rights of action. *See* 28 U.S.C. § 157(b)(2)(A) (describing the jurisdiction of bankruptcy judges); 18 U.S.C. § 156 (providing for punishment for knowing disregard of federal law in preparing a bankruptcy petition); 18 U.S.C. § 1021 (prohibiting an "officer or other person authorized by any law of the United States to record a conveyance of real property," from "knowingly certify[ing] falsely that

4

such conveyance has or has not been recorded"); 15 U.S.C. § 1611 (defining criminal liability for willful and knowing violations). Thus, none of these statues provides a basis for federal question jurisdiction.

Caridi also alleges that the Court has jurisdiction over his claims under 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000. Even assuming that Caridi has met the amount in controversy requirement because he borrowed $760,000 from TCF, Caridi has failed to allege that the parties are completely diverse. *See Howell by Goerdt v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (diversity jurisdiction requires that "none of the parties on either side of the litigation may be a citizen of a state of which a party on the other side is a citizen"). Moreover, Caridi's own allegations indicate that the parties in fact are likely not diverse. Caridi alleges that he met with William Weall and Michael Chin at a TCF branch in Chicago. Caridi's complaint is also addressed to Weall, Chin, and Joshua Bailey at an Illinois business address, and it is highly likely that bank employees working at a bank in Chicago live in Illinois. Additionally, Caridi alleges that defendants Matthew Litvak, Forrest Ingram, Joseph Harris, Philip Groben, Karen Porter, Mr. Ruff, Mr. Weidennar, Mr. Reidy, Jennifer Breems, and Brandon Freud, are all attorneys in Illinois. These allegations destroy diversity jurisdiction.

**Conclusion**

For the foregoing reasons, Caridi's complaint is dismissed without prejudice for failure to adequately allege subject matter jurisdiction. The case will be

5

dismissed with prejudice unless Caridi files a complaint curing the jurisdictional deficiency by September 8, 2014.

TCF's motions, R. 10; R. 11; R. 31, are denied as moot. Caridi's motions for an "amended order of service and extension of time to complete service," R. 34; for attorney representation, R. 37; and for a "preliminary injunction and default judgment," R. 41, are denied as moot.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: August 7, 2014